ESTELLE BRODERSON, Appellant, v. EDWIN BRODERSON, Respondent.— This is a reargument of an appeal by petitioner, respondent's former wife, from an order of the Family Court, Queens County, entered June 3, 1966, which dismissed the petition in this proceeding under subdivision (c) of section 466 of the Family Court Act to enforce the support provisions of a foreign (Mexican) decree of divorce, terminating the marriage of the parties and providing that a separation agreement, previously made by them, was approved and should survive the decree. On the original argument, upon the authority of *Matter of Seitz* v. *Drogheo* (28 A D 2d 892), the order was affirmed, upon the sole ground that the Family Court had no jurisdiction to enforce the Mexican decree (*Matter of Broderson* v. *Broderson*, 28 A D 2d 867). On reargument, said order of the Family Court, dated June 3, 1966, is reversed, on the law and the facts, without costs, the petition is reinstated, and the proceeding is remitted to the Family Court for a further hearing and a new disposition not inconsistent herewith. The findings of fact of the Family Court inconsistent herewith are reversed and new findings are made as indicated herein. By reason of the determination in the Court of Appeals that the Family Court has jurisdiction to enforce and modify provisions of foreign decrees of divorce (*Matter of Seitz* v. *Drogheo*, 21 N Y 2d 181, revg. 28 A D 2d 892 [*supra*]), the original determination of the instant appeal on the sole issue of jurisdiction of the Family Court (*Matter of Broderson* v. *Broderson*, 28 A D 2d 867, *supra*) should be set aside. In our opinion, upon the merits of the appeal, the trial court properly determined that the obligation of the respondent-former husband, under article 8 of the separation agreement, was to pay a minimum of $85 a week, as an advance against one half of his net income in any one taxable year, and that this obligation was subject to change for overpayment or underpayment, the correction to be reflected by addition or decrease in the $85 weekly payments to be made in the ensuing taxable year, as stipulated. However, respondent was not entitled to deduct, as he did, the amount of his 1965 support payments to the wife from his gross receipts in order to arrive at his 1965 net income (*Silver* v. *Silver*, 12 A D 2d 325), but was entitled to deduct from his gross receipts his necessary expenses and income taxes, including

his unreimbursed traveling expenses (27A C. J. S., Divorce, § 233 [3], par. c, p. 1051). By reason of the foregoing, we hold that the proof in this case showed that respondent had improperly deducted from his 1965 gross income the amount of $4,420 for appellant's support, as if he had paid to her alimony for the full 52 weeks at $85 a week, when in fact he had begun making such payments on April 7, 1965 and could, therefore, only have paid for a period of no more than about 40 weeks, and when, under the law, he was not entitled to make any such deduction at all. Under the circumstances, the credits and debits of the parties for the year 1965 have to be re-evaluated, since the trial court allowed the $4,420 deductions to stand in the reckoning of respondent's net income for that year, and upon the recasting of the figures a finding should be made as to whether respondent was entitled to begin making payments of less than $85 a week, commencing in April, 1966, as he did, and to what extent, if any. For that purpose, this matter should be remitted to the Family Court for a further hearing and a determination of the arithmetical status of the parties, as of the date of appellant's petition. Christ, Acting P. J., Brennan, Rabin and Hopkins, JJ., concur.